## J. W. BENNETT ET AL. *v.* THE STATE, USE OF LINCOLN COUNTY.

1. SHERIFF. *Failure to give new bond under sect. 316, Code of 1871. Effect.*
    Sect. 316 of the Code of 1871 provided that, if the sureties of any county officer, conceiving themselves to be in danger of suffering by their suretyship, should present a petition to the Board of Supervisors and give the prescribed notice to the officer, "the said board shall have full power to order that the said officer shall give a new bond, with other good sureties, within such reasonable time as the board may direct; and, on the giving of such bond and the approval thereof by said board, the former sureties shall be discharged from further liability on their bond as to the performance of all official duties after the giving of such new bond; and if such officer shall fail or refuse to comply with said order to give a new bond, his office shall thereby become vacant, and such vacancy shall be certified by the clerk of the board, and the office shall be filled as in other cases of vacancies in county offices." The failure of a sheriff to give a new bond in compliance with an order of the Board of Supervisors, made as provided for in the above quoted section, rendered the office void *ipso facto*, without any further act on the part of the State or its agents.

2. SAME. *Vacancy in office, under sect. 316, Code of 1871. Effect as to sureties.*
    Where the office of sheriff has become vacant by the sheriff's failure to give a new bond required under sect. 316 of the Code of 1871, the sureties on his original bond are, by virtue of such vacancy, discharged from liability for any official malfeasance or non-feasance by him after the occurrence of the vacancy.

APPEAL from the Circuit Court of Lincoln County.

Hon. J. B. CHRISMAN, Judge.

The case is sufficiently stated in the opinion of the court.

*A. C. McNair*, for the appellants.

Sect. 316 of the Code of 1871 was designed to give relief to sureties on official bonds, and should be so construed as to carry out the purpose for which it was enacted. How can this be done? By construing it to give the sureties two modes of relief: First, by the giving of the new bond by the sheriff and the approval thereof by the Board of Supervisors; and, second, by holding, as the statute expressly provides, that the failure of an officer to obey the order of the Board of Supervisors requiring him to give a new bond thereby, *ipso facto*, vacates the office and releases the sureties from all future liability on the bond. I contend that by the terms of the statute the failure of Moore to obey the order to give a new bond created a vacancy, and the consequent discharge of the sureties. No judicial declaration was necessary to declare the vacancy. *The State, ex rel. Seal,* v. *Jones,* 19 Ind. 356. From the reference I have seen, I take it that the Indiana case is to the point.

It is claimed by the appellee that this question was decided by this court in the case of *The State* v. *Matthews,* 57 Miss. 1, adversely to the pleas. I say, in the first place, that these appellants were not parties to that suit, and are not bound by that decision. In the next place, I dispute that the question before the court, and then decided, was the same as that presented by the pleas in this case. In the Matthews case the question was as to Matthews' liability, and incidentally the question arose as to whether appellants were discharged under the facts of that case. The question raised by the pleas here was not before the court in the Matthews case, and hence could not have been passed upon. See *Beebe* v. *Robinson,* 52 Ala. 66; *Thompson* v. *Holt,* 52 Ala. 491.

As to the seventh plea, — the plea of the statute of limita-

tions of six years, — it is based on the idea and urged on the theory that the action is not "founded" on the bond, but on the breach of the bond — the failure to pay into the county treasury the money collected. It was asserted by Mr. Justice Sharkey in *McNutt* v. *Lancaster et al.*, which was an action on a tax-collector's bond, that "the bond is but inducement to the action." *McNutt* v. *Lancaster et al.*, 9 Smed. & M. 594. The failure of the sheriff to discharge his duty — pay over the money — is the gist of the action here. No cause of action arose until this failure happened. See Code 1871, sect. 2151; *Moore* v. *The State*, 55 Ind. 360; *Owen* v. *The State*, 25 Ind. 107.

*R. H. Thompson*, for the appellee.

1. The first and third assignments of error, which raise the question as to whether the third plea of defendants, and the eighth plea, which is the same, were good on demurrer, are answered by the case of *Matthews* v. *The State*, 57 Miss. 1, and the authority of *Stevens* v. *Allmen*, 19 Ohio St. 485, which met the approval of this court in the Matthews case. There has been an application of the judicial mind to the precise question. It was necessary to fix the rights of the parties, and to decide the cause then at bar. This is the severest test. The Matthews case on the question in hand is clearly within it. Considering the relation between the parties to that suit and the parties to this, and that the subject-matter is the same, the case in 57 Miss. almost amounts to *res adjudicata*. Considering the doctrine of contribution, the Matthews case is *res adjudicata* as to those sureties then held liable. The pleas admit that Moore collected the taxes; they fail to show that he gave a new bond. According to the Matthews case, "they [the sureties] should have seen to it that a new bond was given, as this alone would discharge them." This the statute clearly means.

2. The second assignment of error raises the question whether the six years statute of limitations is a bar to the suit on an official bond. The plea is, *actio non accrevit infra sex annos*.

The Statute of Limitations, by its very terms, applies to the form of actions. The suit at bar is an action of debt on a sealed instrument. And to such actions the act of 1873, providing a seven years' limitation, applies. To contend that the bond is mere inducement, and that the suit is on the accounts of the officer (as was contended in the court below), is to confound an action with the evidence by which it is supported.

COOPER, J., delivered the opinion of the court.

Appellee brought this suit against John D. Moore, late sheriff of Lincoln County, and the sureties on his official bond, assigning as a breach of the bond the failure of Moore to pay over to the county treasurer of Lincoln County certain taxes collected in the year 1872.

The defendants (appellants) pleaded : —

1. "That the cause of action had not accrued within six years before the institution of the suit.

2. "That prior to the second day of September, 1872, and prior to the collection of any of the taxes for the year 1872 by John D. Moore, the principal in the bond sued on, and after proper preliminary proceedings and notice for that purpose before the Board of Supervisors of said county of Lincoln, on application of J. W. Bennett and M. Lewenthall, two of the sureties on said bond, the said Moore was required by the order of said board to give a new bond as sheriff of said county on the said second day of September, 1872, which the said Moore failed to do, whereby the said office of sheriff became and was vacant, after such failure and before the collection of taxes for said year, and defendants were no longer responsible as sureties on the bond sued on."

These defences were presented by the pleas of the defendants below numbered 3, 7, and 8 : those numbered 3 and 8 being in substance the same. To these pleas demurrers were interposed, which were sustained. Issues were joined on other pleas. There was a verdict and judgment for the plaintiff, and

the defendants appeal, assigning for error the action of the court in sustaining the demurrers to the pleas above recited.

Sect. 316 of the Code of 1871 is as follows : —

" In case the sureties, or any of them, of any clerk, sheriff, treasurer, constable, justice of the peace, ranger, or any other county officer, shall conceive themselves or himself in danger of suffering by being such surety, they may petition the Board of Supervisors if in session, or by filing such petition with the clerk thereof if said board shall within thirty days be in session, if not, with the president thereof, to call a session of the said board within two weeks, for relief in the premises ; and, on giving ten days' notice to the said officer of the time and place of hearing said petition, the said board shall have full power to order that the said officer shall give a new bond, with other good and sufficient sureties, within such reasonable time as said board may direct, in a penalty not less than the first bond, and conditioned according to law ; and on the giving of such bond and the approval thereof by said board, the former surety or sureties shall be discharged from further liability on their bond as to the performance of all official duties after the giving of such new bond ; and if such officer shall fail or refuse to comply with said order to give a new bond, *his office shall thereby become vacant*, and such vacancy shall be certified by the clerk of the Board of Supervisors, or other appointing power as the case may require; and the office shall be filled as in other cases of vacancies in county offices."

When this cause was before us at a former term we held that when, upon petition filed by two of the sureties for relief under this section of the Code, the clerk of the Board of Supervisors, under the direction of the board, erased the names of the petitioners from the official bond of the sheriff, which was then signed by Matthews, who was accepted by the board as " additional security," the effect was neither to release the petitioning sureties nor bind Matthews. *The State* v. *Matthews*, 57 Miss. 1. The pleadings and evidence then showed that, upon the petition of the sureties, no order was made by the

Board of Supervisors requiring a new bond to be given by the officer, but that he, in response to the petition, came before the board and tendered Matthews as surety in place of those who had petitioned for relief, and thereupon the board made an order releasing the petitioners and substituting Matthews. The question now presented is altogether different. The plea sets up in bar of the action that the officer was legally required by the Board of Supervisors to give a new bond, which he failed to do. What the facts might have been shown to be by replication to this plea we cannot now consider. The demurrer admits them to be as the plea states them.

The statute declares that, upon failure or refusal of the officer to give the bond required, "his office shall thereby become vacant, and such vacancy shall be certified by the clerk, * * * and the office filled as in other cases of vacancies in county offices."

What effect is to be given to this statutory declaration? Is the office vacated by the failure of the officer to give the new bond, or does the statute merely declare the existence of cause for removal?

In *The State* v. *Cooper*, 53 Miss. 615, Chief Justice Simrall, in delivering the opinion of the court, said: "The failure of the sheriff to make the bond within the time limited by the Code of 1857 does not *ipso facto* vacate the office. It is cause of forfeiture ; but the declaration of the consequence must be made and the new election ordered." That was a case in which the officer had executed bond after the time fixed by law, and it was decided that both he and his sureties were estopped to deny that he was such officer, and that if the bond was not the statutory bond of a *de jure* officer it was good as. a common-law obligation, and the court said : "It is not necessary to the decision to pass on that question." The authorities cited in the opinion show that it was not determined upon the question of the effect of the statute declaring the vacancy when the bond was not executed as the law requires.

In *Stevens* v. *Allmen*, 19 Ohio St. 485, under a statute declar-

ing that the failure of a justice of the peace to give the bond required by the trustees of a township, on the application of his sureties for relief, should "be taken and deemed a resignation of the office, and the trustees shall proceed to fill such vacancy as in other cases," it was held that the sureties continued bound until the declaration of vacancy was made and the vacancy filled in accordance with the statute. The court disposed of the point, saying only: "The sureties ought to have seen to it that this was done, or to have held the trustees responsible for the non-performance of their duty. The obligation of the sureties remained in force."

Under a statute of Missouri requiring constables to reside in their districts, it was held in *The State* v. *Muir*, 20 Mo. 303, that the sureties on a constable's bond could not defend an action on the bond by showing that previous to the breach complained of the constable had forfeited the office by removal from the State.

In *Sproule* v. *Lawrence*, 33 Ala. 674, it is intimated, though not decided, that the failure to execute the bond required by law does not *ipso facto* vacate the office, but is ground for removal.

In *Beebe* v. *Robinson*, 52 Ala. 69, the court, construing a statute substantially like ours, say: "If, in the exercise of the authority thus conferred, a grand jury, or the Court of County Commissioners, represent that the bond of the officer is an inadequate security, the judge of probate is commanded to notify him thereof in writing, and require a new bond to be executed; and if it be not furnished within the ten days prescribed by the statute, the law declares the office to be vacant, and requires the judge of probate to make a certificate thereof to the governor, who must appoint some other person in his place. The vacancy thus declared is a true vacancy, without anything more being done."

The authorities above are all we have found upon the question before us. In neither of the cases in which it was held that the declaration of the vacancy by the statute does not

*ipso facto* vacate the office are any authorities cited or reasons given for the decision, and we are unwilling to be led by them to limit the effect of a plain statutory provision.

In construing statutes, where construction is required, courts are to seek for the legislative will, and to give effect to it. The most simple and necessary rule is, that words are to be read in accordance with their ordinary meaning. The language of the statute we are considering is not ambiguous. The words are : " If the officer shall fail or refuse to comply with said order to give a new bond, his office shall thereby become vacant." The failure or refusal of the officer to give the bond *ipso facto* vacates the office. Nothing is required to be done by the State, or any of its agents, to give effect to the declaration of the statute. Treating the vacancy as absolute and existing, the law makes it the duty of its officers to proceed to fill it as in other cases, that the necessary functions of the government may be performed. The objects of the law are : first, to give relief to sureties ; and, secondly, to summarily evict from office those who are unable to qualify themselves to hold offices which the public security requires shall be filled by persons who are under pledges for the faithful discharge of their duties. If the acts or omissions of an officer are such as to alarm those who have engaged for his fidelity, and he cannot find others to take their places, certainly the interest of the public requires his prompt eviction. We know of no principle by which the sureties can be said to be under obligation to put in motion the machinery of the law to fill the vacancy which the law creates. The person who before was rightfully in office may be permitted wrongfully to remain, but the sureties are not interested in this in any other or greater degree than other citizens. Their obligation on the bond ceases with the termination of the official term of the incumbent, and cannot be extended or renewed by the failure of others holding places of trust to perform duties imposed by law on them.

The demurrer to the plea of the statute of limitations of

six years was properly sustained; the demurrer to the third plea ought to have been overruled.

The judgment is reversed, demurrer to third plea overruled, and leave given plaintiff to reply.