THE STATE, USE, ETC. *v.* WILEY MORGAN ET AL.

1. PLEADING. *Demurrer to plea sustained. Judgment.*
    If a defendant, after confessing a demurrer to his plea, pleads another, to which a demurrer is sustained, the plaintiff is not entitled to judgment under the statute which applies only in cases where two successive demurrers are sustained.

2. SAME. *Several pleas. Inconsistent defences.*
    Under a statute like that of Anne, enacted here as early as 1807, changing the common law rule of a single issue, it was held that all consistent defences could be pleaded together; and thus the construction

remained until the Code of 1857 authorized the pleading also of certain inconsistent pleas.

3. SAME. *Construction of the statute allowing several pleas.*

Enumeration in this statute (Code 1857, p. 493, art. 95 ; Code 1871, § 597 ; Code 1880, § 1548), of pleas which the defendant may plead together, does not preclude him from joining other pleas which he might have united before the statute.

4. SAME. *Inconsistent pleas. Effect of the statute.*

Whether the pleas enumerated in this statute are all the inconsistent ones which can be pleaded together, or are merely illustrations of their classes, *quære?*

5. SAME. *Scope of the statute. Defective pleas.*

The object of the statute was not to prevent informal or defective pleading, and if *non assumpsit* be pleaded to a motion on a sheriff's bond, although it may be treated as a nullity, a motion for judgment for mispleading under this statute will not be sustained.

6. SHERIFF. *Bond. Relief of sureties. Vacating office.*

Failure of a sheriff to supply new sureties when so ordered by the board of supervisors, on petition of sureties to be released, *ipso facto* vacates the office, and the sureties are not liable for his subsequent failure to return an execution.

7. SAME. *Suit on bond. Evidence. Immaterial error.*

The record of a *quo warranto* proceeding against such a person for usurping the office of sheriff after his removal, need not be introduced by such sureties when sued for such default, but its introduction is not erroneous, no injury resulting to the plaintiff.

APPEAL from the Circuit Court of Wilkinson County.

Hon. J. B. CHRISMAN, Judge.

To a motion upon the official bond of C. Farish, as sheriff, for failing to return an execution on the return day, Oct. 7, 1878, the defendants pleaded, but subsequently confessed demurrers to their pleas, and, by leave of court, pleaded over, when demurrers to the latter pleas were sustained. The usees then moved for a judgment final, which was refused, and the defendant, C. Farish, having pleaded that an epidemic prevented him from returning the writ, the other defendants, his sureties, pleaded *non assumpsit*, and that Farish was not sheriff at the time alleged in the motion. Pending the usees' motion for judgment against all the sureties for want of proper pleadings, leave was asked, and given by the court, to strike from their former plea the name of one of the sureties, and from the latter the names of the remaining ones, and when

the pleas were so altered the motion was overruled. A de-
murrer was then sustained to the former plea, and by consent
the sureties all joined in the latter, and the case went to trial.
Over the usees' objection, the record of the board of super-
visors was introduced by the defendants, from which it ap-
peared that the sureties petitioned to be relieved from liability
on the bond, that their request was granted, and that Farish
having failed to comply with the order to supply other sure-
ties on his bond, within thirty days after Aug. 21, 1878, as
specified, his office was declared vacant, and an election was
ordered. The defendants also put in evidence, over objec-
tion, the record of a *quo warranto* proceeding, at the relation
of the sheriff elected in November, 1878, against Farish, who
continued to exercise the functions of the office. After evi-
dence concerning the epidemic of yellow fever in the autumn
of 1878, the case was submitted to the jury, which returned a
verdict against Farish and in favor of the sureties.

*C. P. Neilson*, for the appellant.

A defendant cannot, by confessing a demurrer to his plea,
retain the right to plead over twice. The judgment should
have been *quod recuperet* on sustaining the demurrers to the
second set of pleas. On the third set, the motion for judg-
ment final should have been sustained for improper pleading.
The verdict must be reversed for the erroneous admission of
the proceedings of the board of supervisors, which are incom-
plete. The proceeding by *quo warranto*, which was long sub-
sequent to the return day of the execution, was irrelevant, and
this record also should, therefore, have been excluded.

*Frank Johnston*, on the same side.

*Nugent & McWillie*, for the appellees.

In this proceeding, under Code 1871, § 227, the motion and
notice constitute the pleadings on the usees' part, and the
statute requires nothing more, though it has been stated that
a party denying liability should crave oyer and plead *non est
factum*. *Lewis* v. *Garrett*, 5 How. 434 ; *Hamblin* v. *Foster*, 4
S. & M. 139, 150. As the pleadings were all unnecessary, the
court will not unravel their complexity. Failure to perfect
the bond when required *ipso facto* vacated the office, and re-
lieved the sureties before the return day of the writ. Code

1871, §§ 316, 317; *Bennett* v. *State*, 58 Miss. 556; *Carmichael* v. *Governor*, 3 How. 236; *Montgomery* v. *Governor*, 7 How. 68; *Brown* v. *Mosely*, 11 S. & M. 354; *McDonald* v. *Bradshaw*, 2 Ga. 248; *Governor* v. *Gibson*, 14 Ala. 326; *State* v. *Crooks*, 7 Ohio, 573; *Miller* v. *Davis*, 7 Ired. 198.

*D. C. Bramlett*, on the same side.

As the object of the statute is to bring to issue the merits of the controversy, it should be construed to that end, and after the first demurrer sustained, the defendants should be allowed to plead over, or to amend their pleas pending a motion for judgment for defects therein. After the board of supervisors discharged the sureties, they were no longer liable for the acts of Farish. Code 1871, § 316; *Dixon* v. *Caskey*, 18 Ala. 97. The office of sheriff was vacant before the return-day of the execution. Moreover, Farish had a good excuse, in the fact of a prevailing epidemic, for not returning the writ. The fact that he was in the court room on the day when the court should have met, is enough to satisfy any one who has witnessed the effects of yellow fever upon a community.

*T. V. Noland*, on the same side.

COOPER, J., delivered the opinion of the court.

The appellants were not entitled to a judgment against those of the defendants who had confessed a demurrer to their plea, and who, pleading over, interposed pleas to which demurrers were sustained. The statute applies only in those cases in which a prior demurrer having been *sustained* by the court, the defendant, under a judgment of *respondeat ouster*, pleads another plea or pleas to which a demurrer is *sustained* by the court. *Ogden* v. *Glidewell*, 5 How. 179; *Brown* v. *Smith*, 5 How. 387.

The motion by the plaintiff for judgment against the defendants for mispleading was properly overruled. The Code of 1871, § 597 (Code of 1880, § 1548), after enumerating a number of pleas in bar which may be pleaded together as of course when appropriate to the action, without leave of the court, provides, " and if any defendant, or other party, shall, without leave of the court, plead several pleas, replications, or other pleadings together, except in cases where the same

is allowed by law, the opposite party shall be entitled to judgment, as for want of the proper pleading; but such judgment may be set aside, on affidavit of merits, and payment of costs, and such other terms as the court may think fit." The plaintiff might have moved to strike from the files the plea of *non assumpsit*, because the same was not appropriate to an action on a bond; or, if it had stood alone, they might have treated it as a nullity, and taken judgment as for want of any plea to the action. The object of the statute was not to prevent informal or defective pleading; advantage of such error is to be taken by demurrer, or by motion to strike the plea from the file, or by treating the plea as a nullity and proceeding to judgment as if no plea was interposed.

At common law the office of the pleadings was to produce a definite, short, and *single* issue, upon which the decision of the cause should be determined. The defendant who had more than one ground of defence might elect which *one* of them he desired, but, having chosen his ground, he was required to adhere to it, and risk the success of his defence upon that single issue. To mitigate the rigor of the common law, it was provided by the statute of 4 & 5 Anne, c. 16, § 4, that the defendant or tenant in any action or suit, or plaintiff in replevin, in any court of record, may, with the leave of the same court, " plead as many several matters thereto as he shall think necessary for his defence." At first the courts limited the beneficial operation of the statute by refusing to permit the defendant to plead inconsistent or contradictory pleas, but subsequently, under a more liberal construction, a broader practice prevailed. 1 Tidd's Practice, 655.

In the earliest history of our legislation we find a statute on the same subject, which is broader than the statute of Anne. " The defendant in any cause may plead as many several matters as he may judge necessary to his defence, provided he be not admitted to plead and demur to the whole, and provided also, that no plea of *non est factum* shall be admitted to be pleaded but when accompanied with an affidavit of its truth." Statutes of Mississippi Territory (Toulmin, 1807), p. 118, § 33. This statute was carried forward into all the codes subsequently adopted, until the Code of 1857, in which we

find for the first time, the provision now under consideration. Revised Code of Mississippi (Poindexter, 1824) p. 116, § 49 ; Hutch. Code, p. 846, § 1 ; How. & Hutch. Code, p. 589, § 1.

In the case of *Williams* v. *Harris,* 2 How. 627 (decided in 1837), this court, following the construction which the English courts had given to the statute of Anne, held that inconsistent or incompatible pleas could not be pleaded together. In *Rowland* v. *Dalton,* 36 Miss. 702, it was decided that under that section of the pleading act of 1850, which declared that " the defendant may set forth by answer as many defences as he shall have," inconsistent defences might be interposed together. But this decision was made after the adoption of the Code of 1857. From the year 1807, then, to the passage of the Act of 1850, while a defendant might plead at the same time as many defences as he had, it was necessary that the defences pleaded should not be inconsistent with each other, and the Act of 1850, which was in substance identical with the provisions of the preceding codes, had not at the time of the adoption of the Code of 1857, been construed as permitting inconsistent pleas to be pleaded together.

An examination of the list of pleas, specifically designated in the Code, which may be pleaded together, shows that most of them are those which at some time had been held to be inconsistent, either with the general issue or with each other, and the evident purpose of the act was to permit the interposition of pleas, which at least were considered by the codifiers and the legislature as not then permitted to be pleaded together, for by the letter of the section the defendant is permitted to plead, when appropriate to the action, the pleas specifically named, and " other pleading where the same is allowed by law." Before the enactment of this provision, " by law " the defendant might plead as many consistent matters as he might deem necessary for his defence. By this section he was given the right to plead inconsistent matters, which before he either could not, or, in the opinion of the legislature could not, do.

Whether those enumerated are intended to be all the inconsistent pleas which may be pleaded together, or are merely illustrations of their various classes, it is not now necessary to

decide, for those interposed by the defendants were not inconsistent, and it is therefore sufficient now to decide that the statute does not preclude a defendant from joining with those therein named any other pleas which before its enactment he might have pleaded.

The evidence of the proceedings before the board of supervisors was rightly admitted by the court. The failure of the officer to execute the bond, as required by the board, was not only cause of forfeiture of his office, but *ipso facto* vacated it, and the sureties were not bound by his subsequent default. *Bennett* v. *State*, 58 Miss. 556. The evidence of the proceedings in the action of *quo warranto* was unnecessarily introduced by the sureties, but no injury resulted from its introduction to the plaintiff.                        *Judgment affirmed.*