## NALL v. UNITED STATES.
### No. 656.

District Court, S. D. Mississippi, S. D.
Sept. 12, 1934.

Luther Maples, of Gulfport, Miss., and Lester Clark and Cephus Anderson, both of Hattiesburg, Miss., for plaintiff.

John Allen Sykes, Atty., for Veterans' Bureau, and A. Y. Harper, Asst. U. S. Atty., both of Jackson, Miss., for the United States.

HOLMES, District Judge.

Melvin Nall entered the United States Army on May 9, 1918, and was discharged therefrom on December 17, following. While a soldier he applied for war risk insurance and obtained the same on May 15, 1918, in the sum of $6,000. His war risk insurance certificate, being No. 221,733, is in proper form and contains the usual provisions for total and permanent disability and death benefits as provided by the act of Congress. This suit is for benefits to which he claims he is entitled by reason of having become totally and permanently disabled while the policy was in full force and effect. The government claims that the policy lapsed for nonpayment of premiums, and it is agreed that he paid the premiums due through the month of December of the year in which he was dis-

charged. The case was tried to a jury, which returned a verdict for the defendant, and the matter is now before the court on motion for a new trial. There is no ruling or action of the court that is relied upon by the plaintiff to warrant a new trial, the sole ground being that the verdict is contrary to the law and the evidence. The charge of the court to the jury granted every requested instruction desired on behalf of the plaintiff, and, in part, is as follows:

"The question in this case is whether or not the plaintiff became totally and permanently disabled after his enlistment in the army and prior to February 1st, 1919, he having been enlisted in the army on April 9, 1918, discharged in December, and his premiums were taken out of his pay for the month of December, which carried his insurance up to January 1st, 1919, and he had thirty days of grace, so that his policy was in force up to February 1st, 1919.

"There is no dispute about the dates; no dispute about the policy having been originally issued; no dispute about him having been in the army, and no dispute about the time of his enlistment or the time of his discharge. The whole dispute in the case is as to whether or not he became totally and permanently disabled after his enlistment and before his policy expired on February 1st, 1919. The plaintiff contends he is now insane, or wholly mentally deficient, so that he is not able to carry on any occupation, or to do any work to earn a livelihood.

"The defendant contends that he had as much sense after he left the army and after February 1st, 1919 as he did before he went into the army. In other words, it claims that he was a weak-minded young man and never did have much sense, and that his mental condition was not aggravated by his army service or after he went into the army; but that he came out of the army with as much sense as he had when he went into it. The Government did not insure the plaintiff against anything that happened to him before he went into the army. In other words, it did not insure him against a total and permanent disability that existed prior to his enlistment; and, if you believe that before he went into the army he was wholly and permanently disabled because of dementia praecox, or any other mental disease, and that his condition during the period of his service up to February 1st, 1919 remained the same, then you will find for the defendant.

"However, if you believe that he had a mental disease prior to his enlistment in the

army, which was progressive in its nature, and that although he was only partially disabled before he entered the army, and after he entered the army and before February 1st, 1919, the disease progressed to the extent that he became totally and permanently disabled, then you will find for the plaintiff.

"The purpose of the insurance was to protect the plaintiff against the happening of an event after his enlistment and before the lapse of his policy after his discharge. The language of the insurance is not consistent with the existence of an intention to authorize the creation of a liability for a loss or damage resulting from an event which occurred, or a condition which existed, before the insured was employed in the military or naval service of the Government. What was intended to be provided for, was protection against risks arising after the insured entered the service."

The above instructions stated properly the law applicable to the issues of fact. Elsewhere in the charge the court denied a requested peremptory instruction on behalf of the government.

■ I am of opinion that the preponderance of the testimony was not in favor of the plaintiff, and that the jury were amply justified in returning a verdict for the defendant. There was evidence to sustain the conclusion that the plaintiff was dull at school, and mentally subnormal prior to his enlistment in the army, but that his condition after discharge was practically the same as before enlistment. On the other hand, there was evidence from which the jury might have concluded that the plaintiff was totally and permanently disabled by reason of mental incapacity before enlistment; that such condition remained stationary during his military service and after his discharge until the year 1924, when his case was diagnosed as dementia praecox. Prior to that time, according to the medical testimony which the jury were well warranted in accepting, there was nothing to indicate total mental deficiency or even the necessity for a special mental examination. The jury had the right to accept the medical testimony of several reputable witnesses introduced on behalf of the defendant. Their qualifications were admitted and their reputations unquestioned. Dr. C. C. Hightower examined him on January 8, 1920. He was also examined after February 1, 1919, by Dr. McKinnon and Dr. Beckett. In addition, there were several lay witnesses who knew the plaintiff and testified to his condition. From this testimony the jury might have concluded that the plaintiff was not

wholly incapacitated to carry on a successful gainful occupation prior to 1924.

■ Complaint is made of inconsistent defenses, but there is no inconsistency on the part of the government in claiming that there had been no change in the mental condition of the plaintiff during the life of the policy. This claim left it to the jury to say whether he was simply dull or wholly incapacitated prior to his enlistment in the army. It is immaterial which view the jury accepted, provided they further found that his condition remained stationary during his period of service and until after the policy lapsed on February 1, 1919. The verdict of the jury supports the conclusion that nothing happened to him during the life of the policy to create a liability on behalf of the defendant, as no change occurred in his mental condition prior to the time the policy lapsed.

■ Section 533 of the Mississippi Code of 1930 permits certain inconsistent pleas in bar to be pleaded together, but the enumeration therein of certain pleas which may be filed together does not preclude the defendant from joining other pleas which it might have joined before the statute. State v. Morgan, 59 Miss. 349. If it were otherwise, it would be too late to raise this question for the first time on a motion for a new trial. Section 600, Code 1930.

■■ Finally the plaintiff contends that he should have a new trial because the policy is incontestable under section 518, 38 USCA, as follows: "All contracts or policies of insurance heretofore or hereafter issued, reinstated, or converted shall be incontestable from the date of issuance, reinstatement, or conversion, except for fraud, nonpayment of premiums, or on the ground that the applicant was not a member of the military or naval forces of the United States, and subject to the provisions of section 447 of this title: Provided, That the insured under such contract or policy may, without prejudicing his rights, elect to make claim to the bureau or to bring suit under section 445 of this title on any prior contract or policy, and if found entitled thereto, shall, upon surrender of any subsequent contract or policy, be entitled to payments under the prior contract or policy: Provided further, That this section shall be deemed to be effective as of April 6, 1917, and applicable from that date to all contracts or policies of insurance."

A short and simple answer to this contention is that the defendant is not contesting the validity of the policy when issued, but has admitted the same and is relying on its terms

and provisions, one of which is that the policy lapsed for nonpayment of premiums prior to February 1, 1919. The burden is upon the plaintiff to show that after the issuance of this admittedly valid policy and before February 1, 1919, he became totally and permanently disabled as provided therein. As, according to the verdict of the jury, the plaintiff has failed to make such proof, the motion for a new trial should be overruled.

It is so ordered.